(consolidated cases)

NO. 23-1582 and 23-1586

# In The
# United States Court of Appeals
For The Fourth Circuit

JONG LEE, et. al.

Appellees/Cross-Appellants/Plaintiffs

v.

AGAPE HEALTH MANAGEMENT, INC., et. al.

Appellants/Cross-Appellees/Defendants

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA      AT ALEXANDRIA DIVISION

APPELLEES/CROSS-APPELLANTS/PLAINTIFFS

REPLY

(Michael) Hyunkweon Ryu
Ryu & Ryu, PLC
301 Maple Ave West, Suite 620
Vienna VA 22180
T: 703-319-0001
F: 703-562-0787

Counsel for

Counsel for Appellees/Cross-Appellants/Plaintiffs
Kyong Sim Che, JaeMin Lee, Myeong Suk Choi, Soonkum Park,
BoYoung Lee, Heesang Kim, Yoon Hee Oh, Yoon Jung Yim,
Myoung Hui Montgomery, and JongCheon Lee,
(Michael) Hyunkweon Ryu and Ryu & Ryu, PLC

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ i

TABLE OF AUTHORITIES ................................................................................... II

I. THE TRIAL COURT PROPERTY DETERMINED THE REASONABLE TIME SPENT ................................................................................................................ 1

II. THE TRIAL COURT ERRED IN STEP 3 BY ARBITRARILY REDUCING THE STEP 2 NUMBER. ........................................................................................ 3

III. THE DISTRICT COURT DOES NOT HAVE TO DETERMINE THE ATTORNEY'S FEES ASSIGNABLE TO EACH PLAINTIFF IN THIS CASE. ... 4

IV. THIS HONORABLE COURT HAS POWER TO DETERMINE REASONABLE ATTORNEY'S FEES AT APPEAL RATHER THAN REMAND AND THIS CASE IS RIPE FOR THIS HONORABLE COURT'S DETERMINATION. ................................................................................................. 7

CONCLUSIONS/RELIEF SOUGHT ...................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Alexander S. v. Boyd*, 113 F.3d 1373 (4th Cir. 1997) ................................................ 7

*Harwood v. Am. Airlines, Inc.*, 37 F.4th 954 (4th Cir.), cert. denied, 143 S. Ct. 528, 214 L. Ed. 2d 302 (2022) .................................................................................... 7

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) ................................................................................................................ 1

*Randolph v. PowerComm Constr., Inc.*, 780 F. App'x 16 (4th Cir. 2019) ............ 1, 3

*Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169 (4th Cir. 1994) ...................... 8

*Williams v. Kingston Shipping Co.*, 925 F.2d 721 (4th Cir. 1991) ............................ 6

I. <u>The trial court property determined the reasonable time spent.</u>

In determining the attorney's fees, the district court followed this honorable Fourth Circuit's three-step analytical frame set forth in *Randolph v. PowerComm Constr., Inc.*, 780 F. App'x 16, 22 (4th Cir. 2019). JA970. The district court determined reasonable hours and reasonable rates and then determined the lodestar figure as instructed by this honorable court in *Randolph* at 22. JA970. JA996. This honorable court has instructed that "[t]his figure is presumptively reasonable except "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee"" quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). *Randolph* at 22.

The district court has considered relevant factors and arguments from both sides. JA973-JA997 The district court has opined that "I understand how Mr. Ryu gets to his number" and asked the appellants "Is there a different number that you want to start with?" JA980. In response, the appellants admitted that they did not even bother to review the billing records because they did not want to spend the time they had to put in for that work. JA980, JA981. After a verbiage of non-responsive comments, the appellants even apologized to the court for having no specific numbers of their own for reasonable hours or rates. JA981 ("I apologize I don't have a more specific answer for you.")

1

>   The district court even gave a second chance to challenge as follows.
>
>> So, what I understand your position is, you're not necessarily -- you have some issues or some concerns, but you're not necessarily in a position to challenge him for Step 1 or at Step 2.

JA981. Again, after a barrage of non-responsive comments, the appellants again admitted that they did not do the work that they were required to do and as a result they did not have a specific number of reasonable hours or rates of their own as follows:

> it was too difficult to try to parse that out to give you an alternative number at stage 1.

JA981, JA982. And, after that, eventually, the district court set forth the court's findings. JA995, JA996. Even now at this appeal the appellants "do[] not disagree with any of those statements [i.e. the court's findings]." Page 2 of the appellants' reply brief, Doc 35. Yet, the appellants argue "even that concession does not address the issue before the trial court- the reasonableness of the time spent." Pages 2-3 of the appellants' reply brief, Doc 35.

The district court even opined that the district court "a hundred percent" agrees with the appellees' argument that this is a unique case and that the court particularly the judge himself personally "having presided over a number of issues" recognized the difficulty of the case and amount of work required, and took the appellees' point that this ran over two years. JA995. And, the district court accepted the appellees' lodestar numbers (step 1, i.e., reasonable hours and rates) and the

2

subtraction of hours on unsuccessful claims unrelated to successful ones (step 2). JA996 (for 20-1047). JA997 (for 22-311).

As such, the district court properly determined the reasonableness of the time spent, and the appellants failed to show that the district court was clearly wrong or has committed an error law as to step 1 or 2. Particularly, despite the appellants' argument that this honorable "Court's responsibility is to ascertain whether the trial court properly did its job" the standard of review for this case is:

> We review an award of attorney's fees for abuse of discretion. … "Under this standard, reversal is appropriate only if the district court was clearly wrong or has committed an error of law." … We must "show enough deference to a primary decision-maker's judgment that the court does not reverse merely because it would have come to a different result in the first instance."

*Randolph v. PowerComm Constr., Inc.*, 780 F. App'x 16, 21. For clarification, the appellees do not disagree with the district court's findings and determinations for steps 1 and 2.

II. The trial court erred in step 3 by arbitrarily reducing the step 2 number.

The appellees' appeal lies in step 3, the district court's arbitrary reduction of approximately 50% reduction of the step 2 number in 20-1047 that the district court properly found. The district court made no findings to justify any reduction in the step 2 number in 20-1047, but only made all positive findings. The only reason that was given by the district court for the reduction was:

3

> to me, … this is a tremendous amount of money. I hope you're not disappointed, Mr. Ryu, but for me this is an enormous amount of money.

JA996, JA997. This is a clearly wrong reason, and an error of law.

The method of calculating the reduction was:

> I think the math that I do is … generally speaking, $30,000 per plaintiff is a reasonable figure, and then when you add [$50,000] on top of that … .

JA997. This is also a clearly wrong calculation in view that the attorney's fee awarded in 22-311 (which the appellees' do not challenge the award of the attorney's fees), which is $30,000, and the completely different amount of work required for 22-311 and 20-1047. 22-311 was settled after the paper discovery with no depositions and no motion practices at all. JA51-55. To the contrary, in 20-1047 consolidating six cases with various retaliatory counterclaims and claims for retaliations in addition to the wage claims, the ten plaintiffs' case went through over twenty depositions, multiple motion practices including multiple motions to dismiss that were denied, and even the appellants' baseless bad faith emergency motion for sanctions on the undersigned attorney that was denied by the court even without an opinion as it was so baseless, and the case was set for three separate trials and eventually the case was settled almost on the eves of the three trials after multiple settlement conferences. JA1-JA50.

4

III.  <u>The district court does not have to determine the attorney's fees assignable to each Plaintiff in this case.</u>

In the current cases, there is no plaintiff who did not receive recovery. As such, there is no plaintiff whose portion has to be considered unsuccessful. Particularly, in view of the overlapping core facts, the district court did not have to dissect and index the time to plaintiff by plaintiff and claim by claim. This honorable court has rejected a mandatory claim by claim analysis for attorney's fees but permitted the determination of the attorney's fees as the litigation as a whole, and using the across-the-board reduction in the fees as follows:

> Speaking of claims that involve "a common core of facts" or "related legal theories," the Supreme Court set forth the following principles:
>> Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach

5

> certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940 (citation omitted). With some modifications the district court followed these principles in making its initial award. Rightly, it looked to the result, which was excellent. Unfortunately, it jettisoned these principles in its second award. Indeed, the Supreme Court has criticized the mathematical formula that the district court used in its second award.

> We agree with the District Court's rejection of "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon." Such a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors. Nor is it necessarily significant that a prevailing plaintiff did not receive all the relief requested. For example, a plaintiff who failed to recover damages but obtained injunctive relief, or vice versa, may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time.

*Hensley*, 461 U.S. at 435–36 n. 11, 103 S.Ct. at 1940–41 n. 11 (citation omitted).

*Williams v. Kingston Shipping Co.*, 925 F.2d 721, 725–26 (4th Cir. 1991).

Harwood's primary argument in opposition to this fee analysis is essentially that district courts should not be permitted to make across-the-board reductions and should instead make targeted reductions to directly address specific issues. While such a targeted approach, as a matter of policy, might provide a more nuanced fee award, case law places no such burden on the trial court. *See, e.g., Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may ... use estimates in calculating and allocating an attorney's time."); *Hensley v. Eckerhart*, 461 U.S. 424, 436-37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (affirming a district court's discretion to "identify specific hours that should be eliminated, or ... simply reduce the award to account for limited success"); *Doe v. Kidd*, 656 F. App'x 643, 655 (4th Cir. 2016) (affirming a "twenty-five percent reduction ... for excessiveness"); *Trimper v. City of Norfolk*, 58

6

> F.3d 68, 77 (4th Cir. 1995) (affirming the district court's twenty percent across-the-board reduction where the plaintiff's counsel devoted excessive time to seeking attorney's fees and failed to make reasonable settlement offers).

*Harwood v. Am. Airlines, Inc.*, 37 F.4th 954, 960–61 (4th Cir.), cert. denied, 143 S. Ct. 528, 214 L. Ed. 2d 302 (2022).

IV. <u>This honorable Court has power to determine reasonable attorney's fees at appeal rather than remand and this case is ripe for this honorable Court's determination.</u>

The district court made findings sufficient for this honorable Court to review *Barber* factors at appeal. This honorable Court even has opined "we cannot say that the district court abused its discretion by not addressing each of the *Barber* factors" as long as the district court made findings and built a record that enabled this honorable Court's review. *Alexander S. v. Boyd*, 113 F.3d 1373, 1391 (4th Cir. 1997). Further, this honorable Court determined at appeal the reasonable attorney's fees in a situation similar to the present appeal.

> This case is before us for the third time. Having been commenced in November 1989, it has proceeded too long and its continuation, with the attendant burden of expense, will in and of itself implicate the ability to work justice. A request for attorney's fees should not result in "a second major litigation." *See Hensley*, 461 U.S. at 437 & n. 12, 103 S.Ct. at 1941 & n. 12. To avoid further litigation expenses that would follow a remand and the risk of yet a fourth appeal, we would be inclined to award a final fee amount on appeal. *See Sidag Aktiengesellschaft v. Smoked Foods Products Co.*, 960 F.2d 564, 566 (5th Cir.1992) (awarding fees at the appellate level because "as this case is now before us for the fourth time, no useful purpose would be served by further delaying its final disposition"). The record, however, does not permit us to do so. While data is included in the record to

7

    support the petition for fees and expenses through January 1993, nothing is included for the period thereafter. It will therefore be necessary to remand the case for a determination of the reasonable fees and expenses incurred after January 1993.

*Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169, 180–81 (4th Cir. 1994). *Rum Creek Coal Sales, Inc.* was argued on December 10, 1993, and the time span from the beginning of the case until the oral argument in this honorable Court was 4 years. The present case was filed for the first time in September 2020, and will have an oral argument in May 2024. It is almost 4 years as well.

  In *Rum Creek Coal Sales, Inc*, this honorable Court also found that 30% across-the-board reduction was abuse of discretion when the findings and records positively show "the difficulty of the issues, the significance of plaintiff's efforts, and the results obtained." *Rum Creek Coal Sales, Inc*, at180.

  In the present appeal, in view of the district court's many positive findings including praises to the appellees' counsel's performance and no negative findings at but still respecting the district court's discretion, the appellees submit that applying 15% across-the-board reduction in 20-1047 as deduced from 22-311 is fair and reasonable.

### Conclusions/Relief Sought

  For the reasons set forth above, Appellee/Cross-Appellants respectfully request that this honorable court

    (1) In 20-1047, vacate the district court's award of attorney's fee, award

$587,250.60 for attorney's fee and affirm the district court's award of $39,047.18 for costs and expenses;

(2) In 22-311, affirm the district court's award of $30,000 for attorney's fee and $584.90 for costs and expenses;

(3) Remand the cases to the district court for the determination of the reasonable attorney's fees and costs since March 25, 2023, including the fee petition hearing and the subsequent appeals;

(4) Deny appellants/cross-appellees' appeals in their entireties; and

(5) Grant such other relief the court deems just and equitable.

                                        Respectfully Submitted,

                                        by Appellees/Cross Appellant Kyong Sim Che, Jae Min Lee, Myeong Suk Choi, Soonkum Park, Bo Young Lee, Heesang Kim, Yoon Hee Oh, Yoon Jung Yim, Myoung Hui Montgomery, and Jong Cheon Lee, (Michael) Hyunkweon Ryu and Ryu & Ryu, PLC

                                        through their counsel:

                                        /s/ (Michael) Hyunkweon Ryu
                                        (Michael) Hyunkweon Ryu
                                        301 Maple Ave West Ste 620
                                        Vienna, VA 22180
                                        email: michaelryu@ryulawgroup.com